**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | ) |
|   | ) Chapter 11 |
| CENGAGE LEARNING, INC., *et al.*, | ) |
|   | ) Case No. 13-44106 (ESS) |
|   | ) Case No. 13-44105 (ESS) |
|   | ) Case No. 13-44107 (ESS) |
|   | ) Case No. 13-44108 (ESS) |
|   | ) |
| Debtors. | ) (Jointly Administered) |
|   | ) |

**INTERIM ORDER (I) AUTHORIZING (A) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTENANCE OF EXISTING BANK ACCOUNTS, (C) CONTINUED USE OF EXISTING BUSINESS FORMS, AND (D) CONTINUED USE OF EXISTING INVESTMENT PRACTICES; AND (II)(A) GRANTING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS, AND (B) AUTHORIZING CONTINUED PERFORMANCE UNDER CERTAIN INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES**

Upon the motion (the "***Motion***")[1] of the Debtors for entry of an interim order (this "***Order***") pursuant to sections 345, 363, 364, 503 and 507 of the Bankruptcy Code and Rule 6003 of the Bankruptcy Rules, (i) authorizing the Debtors to (a) continue using their existing cash management system and honor certain prepetition obligations related thereto, (b) maintain their existing bank accounts, (c) continue using their existing business forms, and (d) maintain their investments and continue their existing investment practices, (ii) provide postpetition intercompany claims superpriority administrative expense status and authorize the Debtors to continue performing under certain intercompany arrangements, and (iii) scheduling a final hearing (the "***Final Hearing***") to consider entry of the Final Order to the extent a hearing is necessary, all as more fully described in the Motion; and the Court having jurisdiction to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion, as modified herein, is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized to continue using their integrated cash management system in the ordinary course of business and generally consistent with past practice, as described in the Motion (the "*Cash Management System*") and as modified herein, but solely to the extent permitted under the *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, and (III) Scheduling a Final Hearing* (as such order may be amended, modified, supplemented, or granted on a final basis, in each case on a consensual basis, the "*Cash Collateral Order*").

3. The Debtors are authorized to: (a) continue to use, with the same account numbers, all of the bank accounts in existence as of the Petition Date, including, without limitation, those accounts identified on **Exhibit C** to the Motion (the "*Bank Accounts*"); (b) treat

the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; *provided, however*, with respect to the Bank Accounts are not maintained with Authorized Depositories in the Eastern District of New York, the Debtors shall either (i) close the Bank Account, (ii) enter into a Uniform Depository Agreement ("***UDA***") with the U.S. Trustee or (iii) obtain a waiver from the Court of the requirements of Section 345 of the Bankruptcy Code within 35 days of the date of this Order; and (c) the Debtors may continue to use all existing business forms, including checks, that do not contain the designation "debtor-in-possession" until the Debtors' existing stock of business forms, including checks, has been used; *provided, however*, that the Debtors will use their best reasonable efforts to reflect the Debtors' status as debtor-in-possession on existing business forms, including checks, and when reordering these business forms, the Debtors shall include the designation "Debtor in Possession" and the corresponding bankruptcy number on all such business forms, including checks; *provided, however*, that the Debtors shall include the designation "Debtor in Possession" on all electronic business forms, including checks, as soon as practicable.

4.     Except as otherwise expressly provided in this Order, the Banks are authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, and ACH Payments issued and drawn on the Bank Accounts before or after the Petition Date by the holders or makers thereof to the extent the Debtors have good funds standing to their credit with such Bank, as the case may be and all such Banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order and have no duty to inquire as to whether such payments are authorized by an order of this Court; *provided,*

*however*, the Banks shall not be liable to any party on account of (a) following the Debtors' representations, instructions, or presentations as to any order of this Court, (b) any prepetition checks, drafts, wires, or ACH Payment honored in a good faith belief or upon a representation by the Debtor that this Court has authorized such prepetition check, draft, wire, or ACH Payment, or (c) an innocent mistake made despite implementation of reasonable handling procedures.

5. The Banks are authorized to charge and the Debtors are authorized to pay or honor both prepetition and postpetition Banking Fees to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with Debtors. The Debtors shall reimburse the Banks for any claim arising before or after the Petition Date in connection with any returned items to the Bank Accounts in the normal course of business. Further, the Banks are authorized to "charge back" to the Debtors' accounts any amounts incurred by the Bank resulting from returned checks or other returned items.

6. The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided, however*, that the Debtors will (i) provide notice to the U.S. Trustee, the agent for the Debtors' prepetition secured credit facility (the "***Prepetition Agent***"), the ad hoc group of holders of certain first lien claims, and any official committee appointed in these chapter 11 cases of the opening and closing of any bank accounts by the Debtors and (ii) obtain the prior written consent of the Prepetition Agent and the ad hoc group of holders of certain first lien claims to all requests to close any bank account or open any new bank account maintained by the Debtors (other than the Adequate Assurance Account, as defined in the *Debtors' Motion for Entry of Order Determining Adequate Assurance of Payment for Future Utility Services*), such consent not to be

4

unreasonably withheld; *provided*, *further*, that any new bank accounts opened by the Debtors shall be opened and maintained with Authorized Depositories.

7. The Debtors are authorized to direct the Banks, and the Banks are authorized to pay obligations in accordance with this or any separate order of this Court; *provided*, *however*, that the Banks have no duty to inquire as to whether such payments are authorized by an order of this Court, and each Bank has no duty to make payments in respect thereto unless the Debtors have good funds standing to their credit with such Bank.

8. Any payment from a Bank Account at the request of the Debtors made by any of the Banks prior to the Petition Date (including any ACH Payment such Bank is or becomes obligated to settle), or any instruments issued by any of the Banks on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from such Bank Account prepetition.

9. Any and all accounts opened by the Debtors on or after the Petition Date at any bank shall be subject to the rights and obligations of this Order as "Bank Accounts."

10. Nothing contained herein shall prevent the Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services.

11. Except as otherwise provided in this Order or in a separate order of this Court, all Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date.

12. The Debtors are authorized, to the extent permitted under the Cash Collateral Order, to continue investing excess funds not needed for the Debtors' operations in the Investments in accordance with the Investment Practices.

13. As soon as practicable after entry of this Order, the Debtors shall serve a copy of this Order on each Bank and financial institution at which the Bank Accounts are maintained.

14. The Debtors are authorized, to the extent permitted under the Cash Collateral Order, to continue performing Intercompany Transactions in the ordinary course of business. Subject to entry of the Final Order, all Intercompany Claims arising after the Petition Date shall be accorded superpriority administrative expense status in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code, provided that (a) the First Lien Secured Parties (as defined in the Cash Collateral Order) shall continue to have liens on such Intercompany Claims and (b) such Intercompany Claims shall be junior to all claims of the First Lien Secured Parties, including but not limited to any 507(b) administrative claim granted under the Cash Collateral Order (in the case of (a) and (b), as provided by and subject in all respects to the terms of the Cash Collateral Order). The Debtors shall (a) continue to track Intercompany Transactions electronically through their accounting system in accordance with their prepetition practices and (b) provide reasonable access to such records and procedures to the Prepetition Agent, the ad hoc group of holders of certain first lien claims, and any official committee appointed in these chapter 11 cases.

15. To the extent necessary, the Final Hearing on the Motion shall be held on July 24, 2013 at 2:00 p.m. prevailing Easter Time. Any objections to the relief requested in the Motion on a final basis must be filed no later than July 17, 2013 at 5:00 p.m. (Eastern Time) (the "***Objection Deadline***").

16. If an objection is timely filed and served so as to be received on or before the Objection Deadline, such objection shall be set for the Final Hearing on July 24, 2013 at 2:00 p.m. (Eastern Time). This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection.

17. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or the assumption, reaffirmation, or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

18. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

19. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtors under the Cash Collateral Order.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the E.D.N.Y. Local Bankruptcy Rules are satisfied by such notice.

21. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.



**Dated: Brooklyn, New York**
**July 3, 2013**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**