ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
email@ortizandortiz.com
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

FREDDY GARCIA,                                    Case No.  15-42243 (NHL)


                       Debtor.                   Chapter 11
---------------------------------------------------------X

**DEBTOR'S EX PARTE MOTION FOR AN ORDER FIXING METHOD OF SERVICE, SHORTENING NOTICE PERIOD AND SCHEDULING HEARING ON THE DEBTOR'S MOTION TO VOLUNTARILY DISMISS <u>CHAPTER 11 CASE</u>**

TO:   THE HONORABLE NANCY HERSHEY LORD,
         UNITED STATES BANKRUPTCY JUDGE:

Freddy Garcia, by and through his proposed attorneys Ortiz & Ortiz, L.L.P., moves under 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure Rule 9006(c), and Rule 9077-1(c) of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), for the entry of an order shortening the notice period and scheduling a hearing on the Debtor's Motion to Voluntarily Dismiss Chapter 11 Case (the "Motion") in the above-captioned case.  In support, the Debtor states as follows:

<u>Background</u>

1.   On May 14, 2015, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2. As the Court is aware, the Debtor's case was commenced to attempt to resolve a dispute with his daughter, Elly Garcia ("Elly"), over a parcel of property known as 53 Montrose Avenue, Brooklyn, New York ("Property").

3. As set forth in detail in the Motion, the Debtor has reached a settlement with Elly that involves a quick sale of the Property. A copy of the Motion is annexed hereto. The unrelated third party purchaser will not proceed with the purchase while the Debtor is in bankruptcy or any adversary proceedings are pending. The settlement amount will permit the Debtor to pay his creditors in full.

4. The Debtor seeks an expedited and shortened hearing period on the Motion because the purchaser seeks to close on or before March 19, 2016.

<u>Relief Requested</u>

5. The Debtor requests that the Court shorten the notice period required for the Motion and schedule a hearing on the motion prior to March 19, 2016.

6. Fed. Rules of Bankr. Proc. 1017 and 2002 provide in relevant part that the Motion should be brought on 21 days notice; Local Rule 9006-1 provides additional guidance for service by mail or overnight mail. The applicable time period, however, may be modified further by court order. <u>Id</u>. In addition, Bankruptcy Code section 105(a) provides that the Court, "may issue an order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code.] 11 U.S.C. § 105(a). Shortening time is also expressly contemplated in and permitted by Local Rule 9077-1(c). E.D.N.Y. Local Bankruptcy Rule 9077-1.

7. Because of the time-sensitive nature of the Motion, the Debtor requests that the Court enter an order scheduling a hearing on the Motion before March 19, 2016.

8. For the reasons stated herein, and in the Motion, it is respectfully submitted that such notice should be deemed adequate under the circumstances of this case. .

9. No previous application for relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and grant such other and further relief as is just.

Dated: March 7, 2016
      Astoria, New York

*/s/Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, NY  11103
Tel. (718) 522-1117

**DECLARATION OF NORMA E. ORTIZ**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

FREDDY GARCIA,                                                   Case No.  15-42243 (NHL)


                                      Debtor.                     Chapter 11
---------------------------------------------------------X

## BANKR. E.D.N.Y. LOCAL RULE 9077-1 DECLARATION

       Norma E. Ortiz, a partner of Ortiz & Ortiz, L.L.P., counsel to the above-captioned debtor, hereby affirms as follows:

       1.      As set forth in greater detail in the annexed Motion to Voluntarily Dismiss Chapter 11 Case (the "Motion"), the Debtor seeks an order dismissing his case so that he may obtain the funds to satisfy his creditors in full and relocate his home.  The purchaser for the real property has insisted on an expedited purchase of the real property known as 53 Montrose Avenue, Brooklyn, New York (the "Property"), on or before March 19th.

       2.      The Motion is brought on shortened notice because the purchaser's offer contained a request for an expedited closing, and the Debtor and his daughter did not want to lose the offer from this purchaser.  The Debtor and his daughter have spoken to a number of buyers over the last few months.  They chose the present purchaser because it has the financial ability to purchase the property, in "as is" condition with no financing contingency, and made the highest offer received by either party.  The purchaser was willing to proceed with the purchase, with full knowledge of the bankruptcy proceeding and the litigation between the Debtor and his daughter.

       3.      Upon information and belief, the pending litigation and the bankruptcy proceeding could delay the closing and affect the purchaser's ability to obtain title insurance.  As a result, the

purchaser has requested – and the Debtor agreed – to make the instant request to dismiss the case on shortened notice.

4. The Debtor and his daughter did no come to a final agreement in principle until late last week. The Motion was made as soon as thereafter as possible.

I swear under the penalty of perjury that the foregoing is true and accurate.

Dated: March 7, 2016
       Queens, New York

                                        */s/Norma E. Ortiz*
                                        Norma E. Ortiz
                                        Ortiz & Ortiz, L.L.P.
                                        32-72 Steinway Street, Ste. 402
                                        Astoria, NY  11103
                                        Tel. (718) 522-1117

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

FREDDY GARCIA,                                              Case No. 15-42243 (NHL)


                              Debtor.                       Chapter 11
--------------------------------------------------------X

**ORDER FIXING METHOD OF SERVICE AND SHORTENING
NOTICE PERIOD FOR PRESENTMENT OF DEBTOR'S MOTION TO DISMISS
<u>CHAPTER 11 CASE</u>**

Upon the motion of Freddy Garcia (the "Debtor") dated March 7, 2016 (the "Motion to Shorten Time"), seeking an Order Fixing Method of Service, Shortening Notice Period and Scheduling Hearing on the Debtor's Motion to Voluntarily Dismiss Chapter 11 Case (the "Motion") and the supporting Declaration of Norma E. Ortiz; and it appearing that good cause exists under Local Bankruptcy Rule 9077-1(c) for shortening the notice requirements for the Extension Motion; it is hereby

ORDERED, that the Motion to Shorten Time is hereby granted to the extent provided herein; and it is further

ORDERED, that notice of the Motion is hereby shortened and limited as provided herein; and it is further

ORDERED, that by March ___, 2016, the Debtor shall serve the Motion and supporting documents and this Order by overnight mail and electronic mail or facsimile, if known upon, (i) the Office of the United States Trustee; (ii) all parties who have filed a notice of appearance in this case; (iii) all known creditors of the Debtor and (iv) any other interested parties in this case; and the foregoing shall constitute good and sufficient notice; and it is further

ORDERED, that objections, if any, to the Motion shall be filed by March __, 2016; and it is further

ORDERED, that a hearing on the Motion will be held on March __, 2016, at _____, or as soon thereafter as counsel may be heard in Courtroom 2529 before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein United States Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201.

Dated: March ___, 2016
      New York, New York

                                                                          _____
                                                                         NANCY HERSHEY LORD
                                                                         U.S. BANKRUPTCY JUDGE

MOTION TO DISMISS CHAPTER 11 CASE

ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz
Martha J. de Jesus
*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

FREDDY A. GARCIA,                                               Case No.  15-42243 (NHL)


                              Debtor.                           Chapter 11
---------------------------------------------------------X

### DEBTOR'S MOTION FOR AN ORDER GRANTING
### THE VOLUNTARY DISMISSAL OF CHAPTER 11 CASE

TO THE HONORABLE NANCY H. LORD,
UNITED STATES BANKRUPTCY JUDGE:

Freddy Garcia (the "Debtor"), by his attorneys Ortiz & Ortiz, LLP, respectfully submits this motion for the entry of an order voluntarily dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1), together with such other and further relief as is just, proper and equitable under the circumstances (the "Motion").  In support of this Motion, the Debtor respectfully states as follows:

### BACKGROUND

1. On May 14, 2015, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2. As the Court is aware, the Debtor's case was commenced to attempt to resolve a dispute with his daughter, Elly Garcia ("Elly"), over a parcel of property known as 53 Montrose Avenue, Brooklyn, New York ("Property").

3. On July 15, 2015, the Debtor commenced an adversary proceeding styled Freddy A. Garcia v. Elly Garcia and 53 Montrose Ave. Realty Corp. ("53MARC"), Adv. Pro. No. 15-01902 (NHL) (the "Action") alleging that the Debtor is the equitable and beneficial owner of the Property. Elly filed an answer to the Action and commenced an adversary proceeding against the Debtor to deem any debt owed to Elly and/or 53MARC non-dischargeable under Adv. Pro. No. 15-01126 (NHL) (the "Non-Dischargeability Action");

4. The Court entered a mediation order, and the Debtor, Elly, and the creditor asserting a first mortgage lien against the Property ("Mortgagee") have attended a first mediation session with the mediator, Judge Elizabeth S. Stong.

5. Since the mediation, the Debtor and Elly have agreed to resolve their differences, sell the Property, and share in the net proceeds after all liens and encumbrances against the Property are satisfied. As set forth in the annexed Declaration of Freddy Garcia, the Debtor expects to pay his creditors in full from the settlement.

6. The Debtor has no notable assets other than his claim of ownership in the Property. He knows of no pre-petition creditors other than N.Y.S. Department of Taxation and Finance and the Internal Revenue Service. This settlement will permit him to pay his creditors in full.

7. Finally, the purchaser will not proceed with the purchase while the bankruptcy case, and the two adversary proceedings, are pending. For this reason, the Debtor makes the instant motion.

## RELIEF REQUESTED

8. By this Motion, the Plaintiff seeks entry of an order dismissing its Chapter 11 case pursuant to 11 U.S.C. § 1112(a). That section provides in relevant part that the Court is granted authority to dismiss a Chapter 11 proceeding if dismissal is in the best interests of creditors and the estate.

7. Because the Debtor, at the present time, has no assets to pay his creditors other than through the proceeds of the sale of the Property, it is respectfully submitted that permitting the Debtor to dismiss his case is in his creditors's best interests. Moreover, because the only debt asserted against the Debtor is non-dischargeable tax debt, the Debtor will be required to satisfy these claims under any circumstances.

8. Since the Debtor can not propose a plan or reorganization at this time, and has no assets to liquidate in a Chapter 7 case, cause exists to permit the Debtor to dismiss his case pursuant to 11 U.S.C. § 1112(a). E.g., In re Babayoff, 445 B.R. 64 (Bankr. E.D.N.Y. 2011) (stating that a court may find that where a trustee would impose an unaffordable burden, dismissal may well be in the estate's best interests.). For these reasons, the Debtor believes the best interest of its creditors will be achieved by dismissing its Chapter 11 case.

9. Debtor served notice of this Motion upon all parties in interest and known creditors of the Debtor.

WHEREFORE, the Debtor respectfully requests that the Court dismiss this Chapter 11

case and grant any other and further relief as is just and proper under the circumstances.

Dated: March 7, 2015
      Queens, New York

                                          */s/Norma E. Ortiz*
                                          Norma E. Ortiz
                                          Ortiz & Ortiz, LLP
                                          32-72 Steinway Street, Suite 402
                                          Astoria, New York 11103
                                          Tel. (718) 522-1117
                                          *Proposed Attorneys for the Debtor*