# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

**Andrew I. Silfen**
Attorney
212.484.3903 DIRECT
212.484.3990 FAX
silfen.andrew@arentfox.com

August 14, 2013

**VIA ECF FILING**

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court for the Eastern District of New York
Conrad B. Duberstein Courthouse
271 Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

**Re:    In re Cengage Learning, Inc., et al., Case No. 13-44106 (ESS) (Jointly Administered)**

Dear Judge Stong:

As you are aware, we are proposed counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced Chapter 11 cases and write to request a chambers conference ("Chambers Conference") prior to the commencement of the hearing scheduled for tomorrow, August 15, 2013 (the "August 15th Hearing") to address two distinct issues that are of more immediate concern and need to be addressed on an expedited basis.

First, the Committee requests a Chambers Conference to address the Investigation Termination Date (as defined in the Interim Order)[1] pursuant to which (a) the two year statute of limitations period pursuant section 546(a)(1) of the Bankruptcy Code and (b) the claim preclusion bar date have been fixed and shortened under the Interim Order and are set to expire shortly. Specifically, the Interim Order, which was considered and entered before the Committee was appointed, provides that if the Committee does not assert Claims or Defenses in an adversary proceeding or contested matter by September 8, 2013 (the "Investigation Termination Date"), such claims "shall be forever deemed waived, released or barred."  Interim Order, ¶9.[2]

---

[1] The *Interim Order (I) Authorizing the Use of Cash Collateral. (II) Granting Adequate Protection to Prepetition Secured Parties and (III) Scheduling a Final Hearing* was entered on July 3, 2013 [Docket No. 40] and amended on August 7, 2013 [Docket No. 236] (the "Interim Order").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Interim Order.

[2] The Committee has additional issues and concerns with continuing to operate under the Interim Order that will also need to be addressed prior to August 20th, such as: (i) the professional fees of the First Lien Secured Parties being paid on five days notice and not subject to section 506(b) of the Bankruptcy Code or disgorgement or reallocation, (ii) the granting of adequate protection liens and claims against all assets, including chapter 5 claims and the proceeds from chapter 5 claims; (iii) remedial rights that allow the First Lien Secured Parties relief from the

NYC/764626.3

555 West Fifth Street, 48th Floor      1675 Broadway            55 Second Street, 21st Floor        1717 K Street, NW
Los Angeles, CA 90013-1065             New York, NY 10019-5820  San Francisco, CA 94105-3470        Washington, DC 20036-5342
T 213.629.7400  F 213.629.7401         T 212.484.3900  F 212.484.3990   T 415.757.5500  F 415.757.5501   T 202.857.6000  F 202.857.6395

The Interim Order improperly attempts to shorten the period during which avoidance or other challenge actions can be brought against the First Lien Secured Parties. Certainly there is no reason for limiting the rights of parties such as the Committee to challenge actions by shortening the period specifically set forth in the Bankruptcy Code. Because the Debtors are stipulating and agreeing not to challenge the First Lien Secured Parties (other than with respect to the Disputed Collateral), it is even more important that the Committee be able to protect the interests of the Debtors' estates. Given the complexity of the transactions which need to be investigated, sixty days from the date the Committee was appointed is simply an insufficient amount of time for the Committee and its professionals to properly perform their statutory and fiduciary duties.

However, under the terms of the Interim Order, the Investigation Termination Date may be extended by agreement of the parties or by further order of the Court. Unfortunately, the September 8, 2013 deadline is imminent and the Committee, the Debtors and the First Lien Secured Parties have been unable to resolve their differences and disputes with respect to the proposed final cash collateral order, including among other things, reaching an agreement on an appropriate Investigation Termination Date.

Based on the myriad of issues already identified in these cases, it is unreasonable and indeed, impossible to expect the Committee to complete its investigation, file a motion for standing, obtain standing, and then, after obtaining standing, file an adversary proceeding or contested matter, let alone complete the Committee investigation, by September 8, 2013. Notably, the investigation conducted by Willkie Farr & Gallagher LLP ("WFG") (discussed below), which is much more limited in its scope, began on May 23, 2013 and is still on-going, with an anticipated completion date in early September 2013. To put this in perspective, WFG is being afforded almost four months to complete its investigation, with no hard deadline imposed on WFG, while the Committee is expected to complete a much broader investigation, obtain standing, and file suit, all in a mere sixty days.

The Committee is pushing forward with its investigation as expeditiously as possible. The Committee and its professionals have been working diligently to review and analyze the documents and information produced by the Debtors but the documents are voluminous, production from the Debtors has been slower than anticipated and many of the Committee's requests are still outstanding. If the Debtors do not fully respond to the Committee's requests

---

automatic stay and the ability to foreclose after seven days notice; (iv) a $50,000 fee cap for the Committee's investigation and no payments for litigation; (v) the Debtors' stipulations with respect to Disputed Collateral that exclude 14,000 copyrights which constitute Disputed Collateral; (vi) professional fees being paid out of unencumbered cash and then disputed cash (including funding the carve out); and (vii) the implication of the Investigation Termination Date on claims against the First Lien Secured Parties and Apax.
NYC/764626.3

within the next week, the Committee will be forced to file an application for a Bankruptcy Rule 2004 examination against the Debtors. In addition, the Committee recently filed numerous applications pursuant to Bankruptcy Rule 2004 seeking relevant information from other interested parties in these cases.[3] The Committee expects to file additional applications for Bankruptcy Rule 2004 next week based upon information provided to date. It is obvious that it may take months to unravel, analyze, understand and evaluate all of the relevant transactions and issues. Accordingly, the issue of extending the Investigation Termination Date should be addressed immediately inasmuch as the Investigation Termination Date deadline is fast approaching and a final order on cash collateral may not be entered for some considerable time, pending the outcome of the August 15th and the August 20th Hearings (and any subsequent hearings if not completed on August 20th).

Therefore, a Chambers Conference for the Court's consideration to exercise its discretion to extend the Investigation Termination Date under the Interim Order is particularly urgent to ensure the Committee is not precluded from completing its diligence, evaluating potential claims, satisfying the procedural hurdles for asserting claims and finally, asserting such claims in satisfaction of its fiduciary and statutory duties, and to otherwise prevent irreparably harming the Debtors' estates.

Second, the Committee requests that a Chambers Conference address the processes and protections which should necessarily be put in place with respect to the investigation conducted by WFG into prepetition purchases of debt by Apax Partners L.P. and certain affiliates, and by the Debtors themselves. As the Court is aware, the Committee's Suspension Motion[4] and the Debtors' WFG Application[5] are both scheduled for the August 15th Hearing. The Debtors and the Committee have been working together to reach a consensual resolution of the various open

---

[3] Nevertheless, the Committee faces procedural hurdles with the examinations. For example, if any party objects to the Bankruptcy Rule 2004 examinations, these motions will not be heard until a hearing on September 11, 2013, which, of course, is after the Investigation Termination Date.

[4] The Committee's issues and concerns are more fully described in (a) the *Motion for Entry of an Order Terminating or, in the Alternative, Suspending the Debtors' Prepetition Investigation into Certain Conduct of Apax Partners, L.P. and Certain Affiliates* [Docket No. 164] and (b) the *Supplement to the Motion for Entry of an Order Terminating or, in the Alternative, Suspending the Debtors' Prepetition Investigation into Certain Conduct of Apax Partners, L.P. and Certain Affiliates and Reply to Debtors' Objection* [Docket No. 195] (collectively, the "Suspension Motion"). The Court considered the Suspension Motion at a hearing held on August 1, 2013. At that hearing, after taking into account the Court's observations and comments, the parties agreed to work together to negotiate a consensual resolution and the Suspension Motion was adjourned to the August 15 Hearing.

[5] The *Application for Entry of an Order Authorizing the Retention and Employment of Willkie Farr & Gallagher as Special Investigation Counsel to the Independent Director of Debtors and Debtors in Possession Pursuant to Sections 327(e) and 1107(b) of the Bankruptcy Code* (the "WFG Application") was filed on July 23, 2013 [Docket No. 133]. The Committee's Protective Objection to the WFG Application was filed on August 8, 2013 [Docket No. 241].

**Arent Fox**

Hon. Elizabeth S. Stong
August 14, 2013
Page 4

issues and in fact have made significant progress in understanding the issues. The Debtors and Committee however, have not yet agreed on safeguards, procedures and mechanics to ensure, among other things, that the Debtors and their estates and creditors are protected and that the investigation is not tainted or corrupted. Therefore, the Committee believes that a Chambers Conference, rather than a public hearing where the target defendants of the investigation will be present, is the best forum to address and resolve the outstanding discrete issues.

We appreciate the Court's time and consideration and are available to discuss the requests and issues raised in this letter at the Court's convenience.

Very truly yours,

*Andrew I. Silfen*

Andrew I. Silfen