Objection Deadline: **September 20, 2013 at 4:00 p.m.**
Hearing Date: **September 27, 2013 at 8:30 a.m.**

Peter V. Pantaleo
William T. Russell, Jr.
Michael J. Garvey
Elisha D. Graff
Nicholas E. Baker
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone:    (212) 455-2000
Facsimile:    (212) 455-2502

*Counsel to Apax Partners, L.P. and Certain Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------- x | | |
| | : | **Chapter 11** |
| *In re:* | : | |
| | : | **Case No. 13-44106 (ESS)** |
| **CENGAGE LEARNING, INC.,** *et al.* | : | **Case No. 13-44105 (ESS)** |
| | : | **Case No. 13-44107 (ESS)** |
| Debtors. | : | **Case No. 13-44108 (ESS)** |
| | : | |
| ------------------------------------------------- x | | **(Jointly Administered)** |

**OBJECTION OF APAX PARTNERS L.P. TO THE DISCLOSURE STATEMENT**
**FOR DEBTORS' JOINT PLAN OF REORGANIZATION**

Apax Partners, L.P. and certain of its affiliates (collectively, "**Apax**"), by and through their undersigned counsel, hereby submit this Objection (this "**Objection**") to the Debtors' motion for entry of a disclosure statement (the "**Disclosure Statement**") and related relief (the "**Motion**"), by which the Debtors have asked this Court to approve the Disclosure Statement for the Debtors' Joint Plan of Reorganization (the "**Plan**").[1] In support of the Objection, Apax respectfully represents as follows:

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## **OBJECTION**

1.     Apax collectively holds approximately $850 million of the Debtors' first lien debt and approximately $425 million of junior debt.

2.     Apax objects to the Disclosure Statement because it fails to explain the Plan's omission of the legal requirement that all First Lien Claim distributions be made subject to and in accordance with the First-Lien Intercreditor Agreement[2] and related agreements. By contrast, the Disclosure Statement states that the treatment of Second Lien Claims is subject to the terms of the Second Lien Intercreditor Agreement. For example, with respect to treatment of Second Lien Claims against CLAI, the Disclosure Statements explains:

> Any distribution subject to the turnover provisions of the Second Lien Intercreditor Agreement shall be distributed on a ratable basis directly to the Holders of Allowed First Lien Deficiency Claims in accordance with the terms and conditions of the Second Lien Intercreditor Agreement.[3]

3.     Yet, the Disclosure Statement (and the Plan) conspicuously omits this requirement for First Lien Claim distributions. It does this even though the Restructuring Term Sheet, upon which the Plan is purportedly based, says that distributions on all First Lien Claims will be made "in accordance with the provisions of those agreements (*including, but not limited to, any applicable waterfall provisions, subordination provisions, and provisions in intercreditor agreements*)."[4]

4.     Apax believes this omission is deliberate (as evidenced by the difference between the Plan and the Restructuring Term Sheet on this point, as well as the contrast between

---

[2] The First-Lien Intercreditor Agreement, dated as of April 10, 2012, by and among certain of the Debtors, the First Lien Credit Facility Administrative Agent, the First Lien Indenture Trustee and the other entities party thereto.

[3] Disclosure Statement, page 6.  *See also* Section XIV.C(ii) of the Disclosure Statement.

[4] Page 5 of the Restructuring Term Sheet, filed as an exhibit to the Declaration of Dean D. Durbin, Chief Financial Officer, In Support of Chapter 11 Petitions and First Day Motions (emphasis supplied).

the treatment of the First Lien Claims and the treatment of the Second Lien Claims on this issue). It also believes that this violates Apax's bargained for rights under the First-Lien Intercreditor Agreement and related agreements, is intended to engineer a windfall for others in bad faith at Apax's expense, and renders the Plan unconfirmable.

## RESERVATION OF RIGHTS

5.    Nothing in this Objection should be construed as a waiver of any of Apax's rights, claims, interests or arguments with respect to the Disclosure Statement, the Plan or any other issues in these chapter 11 cases.  Apax expressly reserves all such rights and reserves the right to supplement, modify, and amend this Objection.

## CONCLUSION

WHEREFORE Apax respectfully requests that the Court deny the relief sought in the Motion and grant such other and further relief as is just and proper.

Dated:  August 30, 2013
          New York, New York

/s/ Peter V. Pantaleo

Peter V. Pantaleo
William T. Russell, Jr.
Michael J. Garvey
Elisha D. Graff
Nicholas E. Baker
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone:  (212) 455-2000
Facsimile:   (212) 455-2502

*Counsel to Apax Partners, L.P. and Certain Affiliates*