**Hearing Date: September 11, 2013 at 9:30 a.m. (Eastern Time)**

Jonathan S. Henes
Christopher Marcus
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

James H.M. Sprayregen
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CENGAGE LEARNING, INC., *et al.*, | ) | Case No. 13-44106 (ESS) |
| | ) | Case No. 13-44107 (ESS) |
| | ) | Case No. 13-44105 (ESS) |
| | ) | Case No. 13-44108 (ESS) |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF DEAN D. DURBIN, CHIEF FINANCIAL OFFICER, IN SUPPORT OF DEBTORS' OBJECTION TO THE MOTION OF MANUEL GUZMAN AND RICHARD FOLEY SEEKING ENTRY OF AN ORDER DEEMING THEM NON-INSIDERS ENTITLED TO RECEIVE SEVERANCE BENEFITS PURSUANT TO THE FINAL SEVERANCE ORDER**

Pursuant to 28 U.S.C. § 1746, I, Dean D. Durbin, hereby submit this declaration (the "***Declaration***") under penalty of perjury:

1. I am Chief Financial Officer of Cengage Learning GP I LLC, a limited liability company organized under the laws of the State of Delaware and parent company of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***"). I have served in this role since July 2009. In my capacity as Chief Financial Officer, I am intimately familiar with the Debtors' businesses and their financial affairs as well as with certain key aspects of the Debtors' day-to-day operations.

2. I offer this Declaration on behalf of the Debtors in support of the *Debtors' Objection to the Motion of Manuel Guzman and Richard Foley Seeking Entry of an Order Deeming them Non-Insiders Entitled to Receive Severance Benefits Pursuant to the Final Severance Order* (the "***Objection***"),[1] which seeks the denial of the *Motion of Manuel Guzman and Richard Foley Seeking Entry of an Order Deeming them Non-Insiders Entitled to Receive Severance Benefits Pursuant to the Final Severance Order* [Docket No. 338]..

3. This Declaration addresses, (a) the insider status of Manuel Guzman and Richard Foley and (b) the absence of business justifications for continuing the severance program and making certain payments related thereto as applied to Mr. Guzman and Mr. Foley.

## I. Manuel Guzman and Richard Foley Are Insiders

### A. Manuel Guzman and Richard Foley Were Officers of the Debtors

4. It is my understanding that the term "officer" generally means a person elected or appointed by the board of directors to manage the daily operations of a corporation. Mr. Guzman and Mr. Foley were promoted from prior positions within the Company to their ultimate positions as Executive Vice Presidents by the CEO with input from the Debtors' Boards of Directors. Unlike other Executive Vice Presidents, Mr. Guzman and Mr. Foley reported directly

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Objection.

to the Chief Executive Officer. Mr. Guzman and Mr. Foley had significantly more responsibility than "rank and file" employees in their respective areas of responsibility and were in charge of managing their subordinates. Moreover, Mr. Guzman and Mr. Foley had significantly more responsibility than the other individuals with the title of Executive Vice President and, in fact, managed the day-to-day operations of the Debtors' business as part of the Debtors' executive management team. Both Mr. Guzman and Mr. Foley, unlike the other Executive Vice Presidents and rank and file employees, played a role in designing and implementing the Debtors' long-term strategic plans. For example, in his position as Executive Vice President of Sales, Mr. Foley managed most of the significant customer relationships, established the sales organization structure, and designed and implemented sales compensation plans. In his position as Executive Vice President of International, Mr. Guzman was responsible for running the entire international division of the Debtors' business. Additionally, in his position as Executive Vice President of Learning and Research Solutions, Mr. Guzman was responsible for product development and product technology, specifically, developing the budget for this entire area and establishing the organizational structure for this area. Moreover, the two other Executive Vice Presidents who were non-insiders reported to Mr. Guzman. As such, I believe that Mr. Guzman and Mr. Foley were officers of the Debtors.

**B. Manuel Guzman and Richard Foley Were Persons in Control of the Debtors**

5. Lastly, Mr. Guzman and Mr. Foley were "persons in control" of the Debtors. Specifically, Mr. Guzman and Mr. Foley had sufficient authority over the Debtors so as to influence and shape corporate policy and/or disposition of corporate assets. Mr. Guzman and Mr. Foley had control over corporate assets for their respective areas of responsibility and the discretion over how to spend funds, up to a certain amount, in managing their respective areas of responsibility. While Mr. Guzman and Mr. Foley were required to seek my approval, in my

capacity as Chief Financial Officer, to spend corporate assets over a set amount, they had a higher discretionary expenditure cap than other Executive Vice Presidents and other non-insider employees. Additionally, while other Executive Vice Presidents may have been given less control over the Debtors' operations and assets, Mr. Guzman and Mr. Foley, in their respective positions, served on the executive management team and played a role in corporate decision-making and disposition of assets. Thus, I believe that Mr. Guzman and Mr. Foley were persons in control over the Debtors.

## II. The Debtors Have Determined Not to Continue to Pay Severance Benefits to Mr. Guzman and Mr. Foley

6. As I previously explained in my Severance Declaration, the Debtors sought to continue severance practices postpetition for non-insider rank and file employees to ensure workforce stability and maintain employee morale during this volatile transition period. Durbin Severance Declaration at ¶ 10. I believe that the payment of prepetition amounts to Mr. Guzman and Mr. Foley on a postpetition basis will not serve these same purposes. I do not believe that the payment of prepetition severance benefits to Mr. Guzman and Mr. Foley, two former executives, is necessary for employee morale or for continued workforce stability.

7. Additionally, I believe that Mr. Guzman and Mr. Foley will not face the same type of undue hardship that ordinary, rank and file employees would experience if they did not receive severance benefits. Prior to their termination, Mr. Guzman and Mr. Foley were paid annual salaries of $478,000 and $397,500, respectively. Moreover, Mr. Guzman and Mr. Foley both received a large portion of their severance payments prepetition: Mr. Guzman was paid $165,462 in severance prepetition out of a potential total aggregate severance payment of $478,000, and Mr. Foley was paid $175,817 in severance prepetition out of a potential total

aggregate severance payment of $397,500. Accordingly, I do not believe that there are compelling business justifications for paying Mr. Guzman and Mr. Foley severance postpetition.

**Conclusion**

8. Furthermore, I understand that the Final Wages Order authorized the Debtors to make severance payments to rank and file employees, but that the Debtors were not directed to make such payments. Even if Mr. Guzman and Mr. Foley convince the Court that they are not "insiders," which I believe they are, the Debtors have determined not to make payments to Mr. Guzman and Mr. Foley.

9. As set forth above, I believe that Mr. Guzman and Mr. Foley are insiders under the Bankruptcy Code and thus, not entitled to severance benefits pursuant to the Final Wages Order. Nonetheless, I believe that there are no compelling business justifications for continuing severance benefits to Mr. Guzman and Mr. Foley, and thus, continuing severance benefits to Mr. Guzman and Mr. Foley is not in the best interests of the Debtors and their estates.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Brooklyn, New York
Dated: September 4, 2013

*/s/ Dean D. Durbin*
Dean D. Durbin
Chief Financial Officer
Cengage Learning GP I LLC