**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CENGAGE LEARNING, INC, *et al.*,[1] | : | Case No. 13-44106 (ESS) |
| | : | Case No. 13-44105 (ESS) |
| | : | Case No. 13-44107 (ESS) |
| | : | Case No. 13-44108 (ESS) |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------------x

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**MOELIS & COMPANY LLC AS INVESTMENT BANKER**
**TO THE COMMITTEE, *NUNC PRO TUNC* TO JULY 15, 2013**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned debtors and debtors in possession's (the "Debtors") chapter 11 cases for entry of an order (a) authorizing the Committee to retain and employ Moelis & Company LLC ("Moelis") as investment banker for the Committee pursuant to section 1103 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"), nunc pro tunc to July 15, 2013, in accordance with the terms and conditions of the Engagement Letter (as defined below), (b) approving the provisions of the Engagement Letter, including the compensation arrangements and indemnification, contribution and reimbursement provisions set forth therein, (c) modifying the time-keeping requirements of Local Rule 2016-1 and the guidelines (the "Trustee Guidelines") of the United States Trustee for the Eastern District

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, include: Cengage Learning, Inc. (4491); Cengage Learning Acquisitions, Inc. (0935); Cengage Learnings Holdings II, L.P. (5675); and Cengage Learning Holdco, Inc. (0831). The Debtors' service address at their corporate headquarters is 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

of New York (the "U.S. Trustee") in connection with Moelis' engagement, and (d) granting such other relief as is just and proper; and upon the Declaration of William Q. Derrough in support of the Application; and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134; and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances having been given; and a hearing having been held to consider the relief requested by the Application (the "Hearing"); and upon consideration of the Application, the Derrough Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Committee, the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Application and the Derrough Declaration establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and upon this form of Order having been reviewed and approved by counsel to the Debtors, counsel to JPMorgan Chase Bank, N.A. acting as successor administrative agent under the Debtors' first-lien credit facility, and the U.S. Trustee; and the Court being satisfied based on the representations made in the Application and the Derrough Declaration, and the Court hereby finds, that (a) Moelis does not hold or represent an interest adverse to the Debtors' estates and (b) Moelis is eligible for retention by the Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code as required by Bankruptcy Rule 2014 and Local Rule 2014-1; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted, and the provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved, to the extent provided herein and except as otherwise expressly provided herein to the contrary.

2. In accordance with sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Committee is authorized to employ and retain Moelis in accordance with the terms and conditions set forth in the Engagement Letter, and Moelis is authorized to perform the following services:

   a. assist the Committee in conducting a customary business and financial analysis of the Company;

   b. assist the Committee in evaluating the Company's debt capacity and in the determination of an appropriate capital structure for the Company;

   c. assist the Committee in reviewing and analyzing proposals for any Restructuring, and, to the extent requested, assist the Committee in soliciting and developing alternative proposals for a Restructuring;

   d. advise and assist the Committee and, if the Committee requests, participate in negotiations of any Restructuring;

   e. assist the Committee in valuing the Company's business;

   f. be available to meet with the Committee, the Company's management, the Company's board of directors and other creditor groups, equity holders or other parties in interest (in each case who are institutional parties or represented by an advisor) to discuss any Restructuring;

   g. participate in hearings before the Bankruptcy Court and provide testimony on matters mutually agreed upon in good faith; and

   h. such other investment banking services in connection with a Restructuring as Moelis and the Committee may agree.

3. Paragraph 2(a)(i) of the Engagement Letter is hereby modified as follows:

Monthly Fee. During the term of the agreement set forth in the Engagement Letter, a non-refundable cash fee of $150,000 per

month (the "<u>Monthly Fee</u>"), payable in advance of each month. Whether or not a Restructuring has taken place or will take place, Moelis shall earn and be paid the Monthly Fee beginning on July 15, 2013 until the expiration or termination of the agreement set forth in the Engagement Letter.  For the month of July 2013, Moelis' Monthly Fee shall be pro-rated to reflect that Moelis began providing services thereunder on July 15, 2013. The first payment for the pro-rated portion of July 2013 and for August 2013 and September 2013 shall be payable upon entry of any Bankruptcy Court order approving Moelis' engagement under the Engagement Letter and each subsequent payment shall be payable upon the first day of each subsequent month.  Fifty percent of any Monthly Fees actually paid to Moelis in excess of $900,000 (<u>i.e.</u>, after 6 months) shall be creditable against the Restructuring Fee (as defined below) payable to Moelis, <u>provided</u> <u>however</u>, such credit against the Restructuring Fee shall not exceed an aggregate of $1,000,000.

4. Paragraph 2(a)(ii) of the Engagement Letter is hereby modified as follows:

<u>Restructuring Fee</u>.  Upon the consummation of any Restructuring, a non-refundable cash fee (the "<u>Restructuring Fee</u>") of $4,000,000 minus the amount of Monthly Fees creditable against the Restructuring Fee in accordance with Paragraph 2(a)(i) above.

5. The Debtors and their estates shall pay fees and will provide indemnification, contribution and/or reimbursement to Moelis on the terms and at the times specified in the Engagement Letter <u>nunc</u> <u>pro</u> <u>tunc</u> to July 15, 2013, and shall reimburse Moelis for its costs and expenses as provided in the Engagement Letter, including but not limited to in-sourced document production costs, travel costs, meals, and the fees, disbursements and other charges of Moelis' external legal counsel.

6. Moelis will file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; provided, however, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Trustee

Guidelines and Local Rule 2016-1 are hereby modified such that Moelis' restructuring professionals shall be required only to keep summary time records in half-hour increments, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, Moelis' professionals shall not be required to keep time records on a project category basis and Moelis shall not be required to provide or conform to any schedule of hourly rates.

7. Except as otherwise provided herein, Moelis shall be compensated in accordance with the terms of the Engagement Letter and all of Moelis' fees and expenses in these chapter 11 cases, including the Monthly Fee and the Restructuring Fee are hereby approved pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the fees and expenses payable to Moelis pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Moelis' compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Moelis' compensation.

8. The indemnification, contribution and reimbursement provisions of **Annex A** to the Engagement Letter are approved, subject to the following:

    a. Subject to the provisions of subparagraphs (b), (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter and to the extent permitted

       by applicable law, for any claim arising from, related to, or in connection with Moelis' performance of the services described in the Engagement Letter;

    b.    All requests by Indemnified Persons for the payment of indemnification as set forth in the Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter; <u>provided</u>, <u>however</u>, that in no event shall any Indemnified Person be indemnified to the extent that a court determined by final order that such person acted in its own bad-faith, self-dealing or breach of fiduciary duty (if any), gross negligence or willful misconduct;

    c.    In no event shall any Indemnified Person be indemnified to the extent the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Person's own bad-faith, self-dealing or breach of fiduciary duty (if any), gross negligence, or willful misconduct; and

    d.    If Moelis or any Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Moelis' own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.     Moelis shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

10.     The Committee and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

13. To the extent there is an inconsistency between this Order and the Application or Engagement Letter, the terms of this Order shall govern.



**Dated: Brooklyn, New York**
**September 13, 2013**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**