**Hearing Date:  August 16, 2016 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  August 9, 2016 at 4:00 p.m. (prevailing Eastern Time)**

Jonathan S. Henes
Christopher Marcus
Christopher T. Greco
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CENGAGE LEARNING, INC., *et al.*,[1] | ) | Case No. 13-44106 (ESS) |
| | ) | Case No. 13-44105 (ESS) |
| | ) | Case No. 13-44107 (ESS) |
| | ) | Case No. 13-44108 (ESS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal taxpayer-identification number, include:  Cengage Learning, Inc. (4491); Cengage Learning Holdings II, L.P. (5675); Cengage Learning Acquisitions, Inc. (0935); Cengage Learning Holdco, Inc. (0831).  The Reorganized Debtors' service address at their corporate headquarters is 20 Channel Center Street, Boston, Massachusetts 02210.

**NOTICE OF HEARING ON THE REORGANIZED
DEBTORS' MOTION FOR ENTRY OF A FINAL DECREE
(I) CLOSING THE CHAPTER 11 CASES AND (II) DISCHARGING
AND RELEASING DONLIN RECANO & COMPANY, INC.
FROM FURTHER DUTIES AS COURT APPOINTED CLAIMS AGENT**

**PLEASE TAKE NOTICE** that a hearing will be held on **August 16, 2016 at 11 a.m.** (prevailing Eastern Time) on the *Motion of the Reorganized Debtors for Entry of a Final Decree (I) Closing the Chapter 11 Cases and (II) Discharging and Releasing Donlin Recano & Company, Inc. from Further Duties as Court Appointed Claims Agent* (the "***Motion***") before the Honorable Judge Elizabeth S. Stong, United States Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of New York (the "***Court***").

**PLEASE TAKE FURTHER NOTICE** that any objections or responses to the Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York and shall be filed with the Court electronically by registered users of the Court's case filing system, and by all other parties in interest, on a 3.5 inch floppy disk, compact disc or flash drive (preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format) with a hard copy delivered directly to the chambers of the Honorable Judge Elizabeth S. Stong and shall be served **so as to be actually received by no later than August 9, 2016 at 4 p.m. (prevailing Eastern Time)** (the "***Objection Deadline***") by the following parties:  (a) the Debtors, Cengage Learning, Inc., 20 Channel Center Street, Boston, Massachusetts, Attn: Kenneth Carson; (b) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Jonathan S. Henes, Esq. and Christopher Marcus, Esq. and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Ross M. Kwasteniet, Esq. (c) counsel to the statutory committee of unsecured creditors, Arent Fox, 1675 Broadway, New York, New York 10019, Attn.: Andrew I. Silfen, Esq.; (d) counsel to the ad hoc group of holders of certain first

2

lien claims, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Gregory Bray, Esq. and Lauren Doyle, Esq.; (e) counsel to the agent under the First Lien Credit Global Settlement, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible, Esq. and Darren S. Klein, Esq.; (f) counsel to the indenture trustee for the first lien noteholders, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Karen Dine, Esq. and David Crichlow, Esq.; (g) counsel to CSC Trust Company of Delaware as second lien trustee, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 1003, Attn: Mark R. Somerstein, Esq.; (h) counsel to the indenture trustee for the senior PIK notes, Loeb & Loeb LLP, 345 Park Avenue, New York, New York 10154, Attn: Walter H. Curchack, Esq.; (i) counsel to the indenture trustee for the senior unsecured notes, Kilpatrick Townsend, 1100 Peachtree Street, NE, Suite 2800, Atlanta, Georgia 30309, Attn: Todd Meyers, Esq.; (j) counsel to CSC Trust Company of Delaware as second lien trustee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira Dizengoff, Esq.; (k) counsel to Centerbridge Partners, L.P., Jones Day, 222 East 41st Street, New York, New York 10017, Attn: Lisa Laukitis, Esq.; (l) counsel to Apax Partners, L.P., Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Peter Pantaleo, Esq.; (m) the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Susan Golden, Esq., Alicia Leonhard, Esq. and William Curtin, Esq.; and (n) any persons who have filed a request for notice in the above-captioned cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

　　**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Motion are timely filed, served and received in accordance with the terms hereof, the Bankruptcy Court may enter

an order approving the Motion without further notice or hearing.  If an objection is timely filed,

served and received with respect to the Motion, such objection will be heard at a hearing to be

scheduled by the Bankruptcy Court.  The parties are required to attend the hearing and failure to

attend in person or by counsel may result in relief being granted or denied upon default.

Brooklyn, New York
Dated:  August 2, 2016

/s/ Jonathan S. Henes
Jonathan S. Henes
Christopher J. Marcus
Christopher T. Greco
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James H.M. Sprayregen
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000

*Counsel to the Reorganized Debtors*

4

Jonathan S. Henes
Christopher J. Marcus
Christopher T. Greco
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -
James H.M. Sprayregen
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CENGAGE LEARNING, INC., *et al.*,[1] | ) | Case No. 13-44106 (ESS) |
| | ) | Case No. 13-44105 (ESS) |
| | ) | Case No. 13-44107 (ESS) |
| | ) | Case No. 13-44108 (ESS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF THE REORGANIZED DEBTORS FOR ENTRY OF A**
**FINAL DECREE (I) CLOSING CHAPTER 11 CASES AND**
**(II) DISCHARGING AND RELEASING DONLIN, RECANO & COMPANY, INC.**

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal taxpayer-identification number, include:  Cengage Learning, Inc. (4491); Cengage Learning Holdings II, L.P. (5675); Cengage Learning Acquisitions, Inc. (0935); Cengage Learning Holdco, Inc. (0831).  The Reorganized Debtors' service address at their corporate headquarters is 20 Channel Center Street, Boston, Massachusetts 02210.

<u>**FROM FURTHER DUTIES AS COURT APPOINTED CLAIMS AGENT**</u>

The above-captioned reorganized debtors (collectively, "***Cengage***") hereby move the Court, pursuant to this motion (the "***Motion***"), for entry of a final decree (the "***Final Decree***"), substantially in the form attached hereto as <u>**Exhibit A**</u>, (I) closing the chapter 11 cases of each of the above-captioned debtors (collectively, the "***Chapter 11 Cases***") and (II) discharging and releasing Donlin Recano & Company Inc. ("***Donlin***") from further duties as court appointed claims agent.  In support of this Motion, Cengage respectfully states as follows:

<u>**Preliminary Statement**</u>

1.      By this Motion, Cengage seeks to close the Chapter 11 Cases pending before this Court and release Donlin from further duties as court appointed claims agent.  Cengage has consummated the *Debtors' Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1215]  (the "***Plan***"),[2] made distributions of property required thereby (as discussed further herein), and resolved all of the claims pending against Cengage. Accordingly, the Chapter 11 Cases are fully administered.  Cengage respectfully submits that this Court's role in the Chapter 11 Cases is therefore complete.  Moreover, entry of the Final Decree will relieve Cengage of its obligation to pay quarterly United States Trustee fees, an unnecessary administrative expense for these fully administered cases.  Accordingly, for the reasons set forth herein, Cengage requests that the Court enter the Final Decree closing the Chapter 11 Cases and discharging and releasing Donlin from further duties.

---

[2]      Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

## Jurisdiction and Venue

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105 and 350(a) of 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and local rule 9013-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "***Local Rules***").

## Cengage's Chapter 11 Cases

5.      On July 3, 2013, Cengage and certain of its affiliates filed petitions with the Court under chapter 11 of the Bankruptcy Code.  Prior to consummation of the Plan, Cengage operated its businesses and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases were consolidated for procedural purposes only and were jointly administered pursuant to Bankruptcy Rule 1015(b).  On July 10, 2013, the United States Trustee for the Eastern District of New York (the "***U.S. Trustee***") appointed an official committee of unsecured creditors (the "***Creditors' Committee***"). [Dkt No. 68].  No request for the appointment of a trustee or examiner was made in the Chapter 11 Cases.

6.      On March 14, 2014, this Court entered an order confirming the Plan [Dkt. No. 1225] (the "***Confirmation Order***"), and such order is a final order.  On March 31, 2014, the Effective Date (as defined in the Plan) occurred.  As of the date hereof, Cengage has resolved all of the outstanding claims and has made all distributions required by the Plan on account of such claims.  However, as of the date hereof, a limited number of distributions have been returned as

3

undeliverable or are unclaimed (*e.g.*, checks that have not been cashed).[3]  To the extent they remain undeliverable or unclaimed, such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and will be redistributed in accordance with Article VI.F.4 of the Plan.[4]

7.      To date, Cengage has paid all quarterly fees owed to the U.S. Trustee for periods through the quarter ending March 30, 2016.  Cengage will provide the U.S. Trustee with a statement indicating the cash disbursements for the period beginning April 1, 2016 and through the closing date, and will pay any quarterly fees owed to the U.S. Trustee in respect of the Chapter 11 Cases, including any interest required under 31 U.S.C. § 3717, in the ordinary course. Cengage does not owe any money to the Clerk of the Court as of the date hereof.

## Employment of Donlin, Recano & Company, Inc.

8.      On July 3, 2013, the Court entered its order approving the employment of Donlin as claims and noticing agent [Dkt. No. 33].  Throughout the Chapter 11 Cases, Donlin has processed and served thousands of claims, notices, and ballots to creditors and parties in interest. Donlin has continued to serve documents post confirmation on behalf of Cengage.

## Relief Requested

9.      By this Motion, Cengage respectfully requests that the Bankruptcy Court enter a Final Decree, substantially in the form attached hereto as **Exhibit A**, (a) closing the

---

[3]    As of the date of the filing of this motion, there are approximately 45 checks, totaling approximately $73,000, that Cengage has disbursed on account of General Unsecured Claims but which have not yet been cashed by the claimant.  Cengage and their advisors have attempted to contact, and will continue to contact, such claimants to accomplish such distributions.

[4]    Article VI.F.4 of the Plan provides that "all unclaimed property with respect to General Unsecured Claims shall be redistributed to Holders of General Unsecured Claims as provided under the Plan . . . and the Claim of any Holder to such property or interest in property shall be released, settled, compromised, and forever barred."

4

chapter 11 cases; (b) discharging and releasing Donlin from further duties as court appointed claims agent; (c) limiting further notices and filings; (d) discontinuing U.S. Trustee's fees for periods after the final distribution; (e) enjoining all parties in interest, including but not limited to governmental entities, from making any demand, asserting any claim or commencing any litigation against Cengage or their representatives for actions taken in these Chapter 11 cases; and (f) enjoining all parties in interest, including but not limited to governmental entities, from making any demand, asserting any claim or commencing any litigation against Cengage or their representatives.

## Basis for Relief

I.    The Court Should Close the Cases

10.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

11.    The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules.  The Notes of the Advisory Committee on the 1991 amendments in respect of Bankruptcy Rule 3022 (the "*Advisory Notes*") comment that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed."  The Advisory Notes set forth certain factors that should be considered when evaluating whether a case has been fully administered.  These factors are:

(a)    whether the order confirming the plan has become final;

(b)    whether deposits required by the plan have been transferred;

5

(c)  whether the property proposed by the plan to be transferred has been transferred;

(d)  whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

(e)  whether payments under the plan have commenced; and

(f)  whether all motions, contested matters and adversary proceedings have been finally resolved.

See, e.g., In re McClelland, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007 (noting that the 1991 Advisory Committee Notes to Rule 3022 "list a number of factors for the Court to consider before entering a final decree"); In re Kliegel Bros. Universal Elec. Stage Lighting Co., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); In re Cam-Plek of Virginia IQ Converting Div., Inc., Case No. 96-21367 (Memorandum Decision) (Bankr. E.D. Tenn. Aug. 20, 1999) (noting that three of the factors delineated in the Advisory Notes correspond to the elements necessary for substantial consummation of a plan of reorganization under the Bankruptcy Code).

12.  The Chapter 11 Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree. Indeed, consistent with the case closing factors set forth above:

(a)  the Confirmation Order has become final and is non-appealable;

(b)  Cengage has emerged from chapter 11 as reorganized entities;

(c)  all Claims filed in the Chapter 11 Cases have been resolved;

(d)  all payments required to be made pursuant to the Plan, other than those payments which have not yet become due in the ordinary course of business, have been paid or have been provided for;

(e)  Cengage has assumed the business and management of the property dealt with by the Plan;

(f)  all motions, contested matters, and adversary proceedings have been resolved;

(g)  substantially all Plan distributions have been made from the Debtors' estates, and only a limited number of uncashed or undeliverable checks remain to be distributed; and

6

(h)      all of the transactions contemplated by the Plan closed on the Effective Date.

13.      Accordingly, Cengage believes that the relevant factors support finding that the Chapter 11 Cases are fully administered within the meaning of section 350(a) of the Bankruptcy Code.  In addition, entry of the Final Decree will relieve Cengage of its obligation to pay quarterly U.S. Trustee fees, an unnecessary expense for these fully administered cases. Therefore, Cengage respectfully requests that this Court enter a Final Decree pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Chapter 11 Cases.

II.      <u>Donlin Should be Relieved as the Court Appointed Claims Agent</u>

14.      After the closing of the cases, Donlin will finalize the claims register and relinquish the register and any other records as may be required to the Court.  Upon Donlin's transmission of the final claims register to the Court, Cengage requests that Donlin be deemed formally discharged as claims, noticing and solicitation agent without further order of the Court. Until transmission of the final claims register to the Court, Donlin will continue to provide claims and noticing services to Cengage as directed by Cengage.

## **Motion Practice**

15.      This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion.  Accordingly, Cengage submits that this Motion satisfies Local Rule 9013-1.

## **Notice**

16.      Cengage has provided notice of this Motion to:  (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) counsel to the agent under the Debtors' prepetition senior secured credit facility; (d) the indenture trustees under the Debtors' prepetition secured first lien notes, secured second lien notes, senior unsecured notes, senior PIK notes, and senior subordinated discount notes; (e) counsel to the ad hoc group of holders of certain first lien

7

claims; (f) the United States Attorney for the Eastern District of New York; (g) the Internal Revenue Service; and (h) those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

17.    No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of Page Left Intentionally Blank*]

WHEREFORE, Cengage respectfully requests that the Court (a) enter a Final Decree, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and (b) grant such other and further relief as is just and proper.

Brooklyn, New York
Dated:  August 2, 2016

*/s/ Jonathan S. Henes*

Jonathan S. Henes
Christopher J. Marcus
Christopher T. Greco
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

James H.M. Sprayregen
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000

*Counsel to the Reorganized Debtors*

## Exhibit A

**Proposed Final Decree**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CENGAGE LEARNING, INC., *et al.*,[1] | ) | Case No. 13-44106 (ESS) |
| | ) | Case No. 13-44105 (ESS) |
| | ) | Case No. 13-44107 (ESS) |
| | ) | Case No. 13-44108 (ESS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL DECREE PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 3022 (I) CLOSING CHAPTER 11 CASES AND (II)
DISCHARGING AND RELIEVING DONLIN, RECANO & COMPANY, INC. FROM
FURTHER DUTIES AS COURT APPOINTED CLAIMS AGENT**

Upon the motion (the "***Motion***")[2] of the above-captioned reorganized debtors

(collectively, "***Cengage***") for entry of a final decree (I) closing the Chapter 11 Cases and

(II) discharging and relieving Donlin from further duties as court appointed claims agent; and the

Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this

District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and service and notice of

the Motion having been adequate and appropriate under the circumstances and no other or

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's
federal taxpayer-identification number, include: Cengage Learning, Inc. (4491); Cengage Learning Holdings II,
L.P. (5675); Cengage Learning Acquisitions, Inc. (0935); Cengage Learning Holdco, Inc. (0831).  The
Reorganized Debtors' service address at their corporate headquarters is 20 Channel Center Street, Boston,
Massachusetts 02210.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

further notice being required; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS that:

1.      The Confirmation Order is a final order.

2.      The property required to be transferred under the Plan was transferred.

3.      Cengage, as reorganized pursuant to the Plan, has assumed the business and management of the property dealt with by the Plan.

4.      Payments required under the Plan are complete and any distributions that are undeliverable or unclaimed will be treated in accordance with the Plan.

5.      All claims, motions, contested matters and adversary proceedings pending during the Chapter 11 Cases have been resolved.

6.      Cengage's Chapter 11 Cases are fully administered, and the Plan was consummated.

7.      All statutory fees for the Chapter 11 Cases have been paid or will be paid in the ordinary course.

**THE COURT THEREFORE ORDERS, ADJUDGES AND DECREES** that:

8.      The Motion is granted to the extent provided herein.

9.      Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Chapter 11 Cases are hereby closed effective as of the date of the entry of this Final Decree.

10.     Entry of this Final Decree is without prejudice to the rights of Cengage or any other party in interest to seek to reopen the Chapter 11 Cases for good cause shown pursuant to section 350(b) of the Bankruptcy Code.

11.     The Court shall retain jurisdiction over the Chapter 11 Cases to the extent permitted under Article XI of the Plan or provided by court orders or court-approved agreements.

12.     To calculate the quarterly fees payable to the Office of the United States Trustee for the Eastern District of New York pursuant to 28 U.S.C. § 1930(a)(6), all disbursements made by Cengage up to the date of entry of this Final Decree will be included in the calculation, and Cengage shall pay these amounts, including any interest required by 31 U.S.C. § 3717, in the ordinary course.  No disbursements made by Cengage after the date of entry of this Final Decree shall be included in subsequent calculations, and no minimum quarterly fees shall be payable in respect of the Chapter 11 Cases for periods after entry of the Final Decree.

13.     Upon transmission of the final claims register to the Court, Donlin shall be deemed formally discharged as claims agent for the Cengage without further order of the Court.

14.     The Clerk of the Court shall enter this Final Decree individually on the docket of each of the Chapter 11 Cases and thereafter such dockets shall be marked as "Closed."

15.     Cengage is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

16.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014 or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

17.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Decree.